# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:13-CV-P107-M
# CRIMINAL ACTION NO. 4:05-CR-29-M-3

**RONNIE LARKINS**                                              **PETITIONER/DEFENDANT**

**v.**

**UNITED STATES OF AMERICA**                            **PLAINTIFF/RESPONDENT**

## MEMORANDUM AND ORDER

Petitioner/Defendant, Ronnie Larkins, filed, *pro se*, in his criminal case a motion styled "Motion to Correct Error Pursuant to Federal Rule of Criminal Procedure Rule 52(B)," which has been opened as a new civil action (Civil Action No. 4:13-CV-P107-M).

In 2006, Petitioner/Defendant was found guilty of Count 1 after a jury trial in this Court. *United States v. Larkins*, 4:05-CR-29-M-3. In August 2006, he was sentenced to 288 months in prison. He appealed, and the Sixth Circuit Court of Appeals affirmed. He then filed a 28 U.S.C. § 2255 motion in this Court. That motion was denied. Petitioner/Defendant requested a Certificate of Appealability from the Sixth Circuit, which was denied.

Petitioner/Defendant then filed his "Motion to Correct Error Pursuant to Federal Rule of Criminal Procedure Rule 52(B)." In the body of that motion, he stated that it is a habeas petition. Petitioner/Defendant argued that if an indictment charges a violation of 21 U.S.C. § 841(a) and the supporting facts allege only the minimum quantity required by § 841(b)(1)(C), the Court's jurisdiction extends only to the imposition of a sentence within the 20-year maximum in § 841(b)(1)(C). Petitioner/Defendant further argued that the rulings in *Apprendi/Alleyne* are jurisdictional and not subject to a procedural default. As relief, Petitioner/Defendant asked that he have a base offense level of no more than level 26, with a

criminal history category of one, and a guideline range of 63-78 months. He further requested that he be sentenced at the low end of the guideline range.

This Court denied that motion as unauthorized by Fed. R. Crim. P. 52, but, to the extent that Petitioner/Defendant sought to collaterally attack his sentence, construed the motion as one under 28 U.S.C. § 2241 and directed the Clerk of Court to open a new action.

The United States Attorney has responded. The United States argues that the petition is in fact a subsequent § 2255 motion and that it must therefore be transferred to the Sixth Circuit Court of Appeals.

Upon further deliberation and consideration of the United States's response, the Court agrees that the motion is in fact a § 2255 motion.[1] "If in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (internal citation omitted). The Clerk of Court is **DIRECTED** to redocket the motion as a § 2255 motion in his criminal case.

Because Petitioner/Defendant already has filed a § 2255 motion, the instant motion must be transferred to Sixth Circuit. "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

---

[1] There is no indication that Petitioner/Defendant is attempting to use the savings clause of § 2255(e). A federal prisoner may file a habeas § 2241 action challenging his conviction or the imposition of sentence under the savings clause of § 2255(e) only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). Habeas corpus is not "an additional, alternative, or supplemental remedy" to the § 2255 motion. *Id.* at 758. In any event, a § 2241 should be filed in the district where he is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Petitioner/Defendant is not incarcerated in this district.

authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 (h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."); *see also In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) (explaining that "[i]nmates who wish to file a second or successive motion to vacate sentence should first file a motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244, 2255"). Petitioner/Defendant has failed to obtain panel certification prior to filing the instant motion in the district court.

Therefore, **IT IS ORDERED** that once the motion has been redocketed as a motion to vacate, set aside, or correct sentence filed pursuant to § 2255 in the criminal case (*United States v. Larkins*, 4:05-CR-29-M-3) it shall be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.[2]

Date: January 13, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:  Petitioner/Defendant, *pro se*, Ronnie Larkins, #09781-033, Forrest City Low FCI, Federal Correctional Institution, P.O. Box 9000, Forrest City, AR 72336
U.S. Attorney
Clerk, Sixth Circuit Court of Appeals
4414.009

---

[2]*See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").